

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Hon. Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-120
Re: Authority of Commissioners' Court
to employ deputy for county inves-
tigator of Texas Old Age Assistance
Commission.

This Department acknowledges receipt of your letter of January 12th in which you submit the following inquiry:

"Does a Commissioners' Court have the authority to approve the request of a County Investigator of the Texas Old Age Assistance Commission for a deputy, the salary of said deputy to be paid out of either the salary fund or the general fund of said county?"

Permit us to call your attention to the following Article 6232-1, Section 5, under title 109, Revised Civil Statutes of 1925, which reads in part:

"The Texas Old Age Assistance Commission shall have full power and authority to provide such method of local administration in the various counties and districts of Texas as it deems advisable, and shall provide such personnel as may be found necessary for carrying out in an economical way the administration of this Act;......."

Article 6232-8(b), under title 109, Revised Civil Statutes of 1925, reads in part as follows:

"The Executive Director, under the direction of the Old Age Assistance Commission, shall be the

chief administrative officer of said Commission, and as such shall be responsible for the proper and economical administration of the affairs of such Commission. He shall have the power and authority, with the consent and approval of a majority of the members of the Commission, to select, appoint and discharge such assistants, clerks, stenographers, auditors, bookkeepers and clerical assistants as may be necessary in the administration of the duties imposed upon such Commission within the limits of the appropriations that may be made for the work of said Commission;...."

It is to be noted that from the above provisions and the entire Act itself, full authority in administering under the Act was vested in the Texas Old Age Assistance Commission created by the Act itself.

It is the opinion of this Department that the employment of person or persons or the paying of salaries by the Commissioners' Court at the request of the County Investigator of the Texas Old Age Assistance Commission in the administrative work under the provisions of that Act is not such "county business" as would confer such authority upon the Commissioners' Court of any county.

Trusting that this answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS